IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALAN A. SELF and JAMES C. McGONAGILL, On Behalf of Themselves and All Others Similarly Situated, § § § § Plaintiffs, § § V. § § P.C. DRILLING AND SERVICE, LLC (f/k/a Pipe Creek Water Well, LLC) and ROBERT R. POWELL § § § § Defendants. § | CIVIL ACTION NO. 5:15-cv-389 JURY TRIAL DEMANDED COLLECTIVE ACTION |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, ALAN A. SELF ("Self") and JAMES C. McGONAGILL ("McGonagill") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Complaint against P.C. DRILLING AND SERVICE, LLC (f/k/a Pipe Creek Water Well, LLC) ("PC Drilling") and ROBERT R. POWELL ("Powell") (collectively "Defendants"), showing in support as follows:

### I.   NATURE OF THE CASE

1. This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants': (a) failure to pay Plaintiffs time and one-half their regular rates of pay for all hours worked over 40 during each seven day workweek; and (b) failure to Plaintiffs at least the FLSA minimum hourly wage rate for all hours worked in a workweek.

2. Plaintiffs file the aforementioned claims on behalf of themselves and as a FLSA collective action on behalf of all other similarly situated individuals.

*PLAINTIFFS' ORIGINAL COMPLAINT*                                                                                                          1

3. Plaintiffs and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

4. Additionally, McGonagill brings an individual action against Defendants for violations of the FLSA's anti-retaliation provision, 29 U.S.C. § 513(a)(3). After complaining about unpaid wages, and refusing to fabricate documents requested of him by Defendants which, on information and belief, were needed/wanted by Defendants in connection with a wage and hour investigation of PC Drilling by the United States Department of Labor, Defendants discriminated against McGonagill in violation of the FLSA's anti-retaliation provision, such discrimination including discharge/constructive discharge of McGonagill.

5. McGonagill seeks all damages and relief available for Defendants' violation(s) of the FLSA's anti-retaliation provision.

## II.     THE PARTIES, JURISDICTION AND VENUE

### A.     Plaintiff Alan A. Self

6. Self is a natural person who resides in Midland County, Texas. He has standing to file this lawsuit.

7. Self is a former employee of Defendants. Defendants controlled the work performed by Self. Self made no investments, other than his labor, in Defendants' business operations. Self's opportunity for profit or loss was controlled by Defendants. Namely, Self had only the opportunity for wages earned based on labor performed. No unique skill or initiative was required of Self to work for Defendants, and workers like Self were integral to Defendants' business operations. Although Self ceased employment with Defendants after only a few weeks due to Defendants abusive compensation practices, during the time of his work for Defendants, his only source of earned income was from providing labor for Defendants.

8. Self worked as laborer for Defendants from approximately January 15, 2015 to January 31, 2015.

9. Self was paid/to be paid an hourly rate by Defendants of approximately $13.00 per hour.

10. Self was not paid for all time worked, including overtime premium compensation for any hours worked over 40 in a workweek. When Self attempted to collect his unpaid wages from Defendants, Defendants attempted to intimidate Self by telling him that he owed Defendants money, not the other way around.

B. **Plaintiff James C. McGonagill**

11. McGonagill is a natural person who resides in Kendall County, Texas. He has standing to file this lawsuit.

12. McGonagill is a former employee of Defendants. Defendants controlled the work performed by McGonagill. McGonagill made no investments, other than his labor, in Defendants' business operations. McGonagill's opportunity for profit or loss was controlled by Defendants. Namely, McGonagill had only the opportunity for wages earned based on labor performed. No unique skill or initiative was required of McGonagill to work for Defendants, and workers like McGonagill were integral to Defendants' business operations. During the time of his work for Defendants, McGonagill's only source of earned income was from providing labor for Defendants.

13. McGonagill worked as a laborer, driver, drilling rig floor hand and/or completion/workover rig floor hand, and had alleged job titles operations manager and field superintendent for Defendants, at various times, from approximately August 1, 2014 to May 12,

2015. In short, McGonagill's primary job duties and job titles changed regularly and McGonagill was essentially a "jack-of-all-trades" for Defendants.

14. Defendants routinely changed the manner in which McGonagill was paid, and at times, did not pay him for all hours and/or days worked during a workweek. McGonagill was told by Defendants that he was to be paid on a day rate basis. At times, McGonagill, in lieu of being paid his earned wages by paycheck, was paid by Defendants purchasing/allowing McGonagill to purchase personal items needed to support himself and his family. At times, Defendants told McGonagill that he owed them money based on compensation paid to him relative to hours which Defendants alleged he did not perform work. At times, Defendants told McGonagill that they could not pay him for any work performed in a workweek and did not pay him for any work performed during such workweeks. Alternatively, based on Defendants' haphazard pay practices, Defendants paid McGonagill/purported to pay McGonagill on an hourly basis/de facto hourly basis.

15. Additionally, McGonagill was paid at least one performance-based bonus that was actually paid by a member, officer and/or director of PC Drilling other than Powell named Lundell Rigs and Equipment, LLC (or an officer, owner, manager, and/or director thereof) as explained below in more detail. At times, Defendants paid McGonagill per diem pay.

16. McGonagill was not paid for all time worked, including overtime premium compensation for any hours worked over 40 in a workweek.

17. McGonagill complained to Powell on or about May 12, 2015 that he had not been paid all wages owed including compensation for work performed in the preceding workweek. Powell told McGonagill that unless he fabricated invoices/hours worked data from months past, he would not be paid his last week's paycheck. On information and belief, Defendants

needed/wanted those invoices/hours worked data in connection with an investigation by a labor agency believed to be the United States Department of Labor ("USDOL").

18.     McGonagill informed Powell that he believed the fabrication of those documents was improper and illegal, and refused to fabricate those documents. Thereafter, Powell responded by stating "you going to pull a [G]ump on me and go to the labor board?" Powell also made other threats and hostile comments towards McGonagill in connection with the foregoing. Such threats and comments included Powell telling McGonagill that he was a thief, that he owed Defendants $9,000, and that "he used to be great, but was now just another Mexican." Although McGonagill is not Hispanic, Powell knows that McGonagill's wife is Hispanic, and that such racially inflammatory comments were especially offensive to McGonagill.

19.     Additionally, Powell previously threatened McGonagill with adverse employment actions and bodily harm if he testified adversely to Defendants relative to the FLSA claim by Self. The undersigned served a FLSA wage and hour based demand letter for Self on Defendants by correspondence dated March 5, 2015.

20.     Powell, actually or constructively, terminated McGonagill's employment shortly after McGonagill complained about not being paid wages owed by Defendants and/or after McGonagill refused to fabricate invoice/hours worked documents requested by Powell which, on information and belief, were in connection with the USDOL's investigation of wage and hour practices by Defendants.

### C.     Collective Action Members

21.     The putative collective action members ("class members") are all current and/or former laborers of Defendants who work/worked for Defendants during the relative time period of this lawsuit, are/were paid on an hourly basis/de facto hourly basis in addition to other

remuneration, and who are/were not paid: (a) time and one-half their regular rates of pay for all hours worked over 40 during each seven day workweek; and/or (b) at least the FLSA mandated minimum wage rate for all hours worked in a workweek.

22. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

23. All of the putative collective action members are similarly situated to Plaintiffs, and to one another, within the meaning of Section 216(b) of the FLSA.

### D. Defendant P.C. Drilling and Service, LLC

24. On information and belief, PC Drilling is a domestic limited liability company formed under the laws of the State of Texas.

25. On information and belief, PC Drilling has two officers, directors and/or members – Powell and Lundell Rigs and Equipment, LLC ("Lundell Rigs").

26. Lundell Rigs' principal place of business is at 2450 Fondren Road, Suite 304, Houston, Texas 77063.

27. On information and belief, Lundell Rigs has three officers, directors and/or members - Alexandra A. Lundell, Robert W. Lundell and Robert W. Lundell, Jr.

28. During all times relevant to this lawsuit, PC Drilling has done business in the State of Texas.

29. PC Drilling's principal place of business is 2 Spencer Road, Suite 105, Boerne, Texas 78006.

30. At all times relevant to this lawsuit, PC Drilling is and has been an "enterprise engaged in commerce" as defined by the FLSA.

31. PC Drilling was an employer of Self.

32. PC Drilling was an employer of McGonagill.

33. PC Drilling was/is an employer of the putative class members.

34. At all times relevant to this lawsuit, PC Drilling employed, and continues to employ, two or more employees.

35. At all times relevant to this lawsuit, PC Drilling employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

36. For example, PC Drilling employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, drilling rigs, pulling/workover/completion units, communications equipment, computers, and supplies/materials used in connection with drilling, completion and/or workover operations.

37. On information and belief, at all times relevant to this lawsuit, PC Drilling has had annual gross sales or business volume in excess of $500,000.

38. PC Drilling may be served with summons through its registered agent, Mr. Robert R. Powell, 2 Spencer Road, Suite 105, Boerne, Texas 78006.

**E.     Defendant Robert R. Powell**

39. Powell is a natural person residing in the State of Texas.

40. Powell is the manager of PC Drilling.

41. Powell is an officer, director and/or member of PC Drilling.

42. At relevant times, Powell was/is an employer of Plaintiffs and the putative class members pursuant to the FLSA. Additionally, or in the alternative, PC Drilling and Powell have,

at relevant times, been an enterprise that employed Plaintiffs and the putative class members. Additionally, or in the alternative, Powell, along with PC Drilling, have, at relevant times, been joint employers of Plaintiffs and the putative class members.

43. At relevant times, Powell has had operational control over PC Drilling's compliance with the FLSA's overtime wage and minimum wage provisions. Powell, made policy and operational decisions which resulted, and continue to result, in the FLSA violations complained of by Plaintiffs in this lawsuit.

44. At all times relevant to this lawsuit, Powell has been active in the daily business operations of PC Drilling, and has had decision making authority and/or responsibility for PC Drilling's compliance with the FLSA's overtime wage and minimum wage provisions with respect to Plaintiffs and the putative class members.

45. At all relevant times, Powell had the power to hire and fire Plaintiffs and the putative class members.

46. At all relevant times, Powell had supervisory authority over the Plaintiffs and the putative class members. At relevant times, Powell controlled the work schedules in connection with Plaintiffs' and the putative class members' work at/for PC Drilling.

47. At relevant times, Powell determined Plaintiffs' and the putative class members' conditions of employment and/or terms of work for PC Drilling.

48. At relevant times, Powell made payroll decisions as to Plaintiffs and the putative class members. Such payroll decisions including determining the methods, rates, amounts and timing of compensation.

49. Additionally, at times, Lundell Rigs and/or one or more of the managers, officers, directors and/or members of Lundell Riggs, made payroll decisions as to McGonagill and the

putative class members with regards to performance based bonus compensation which was not factored into the regular rate of pay for purposes of calculating overtime wages owed, to the extent overtime wages were paid by Defendants. Plaintiffs intend to conduct third party discovery as to Lundell Rigs and managers, officers, directors and/or members of Lundell Rigs to further evaluate employer/joint employer status of same as to Plaintiffs and the putative class members under the FLSA.

50. At relevant times, Powell maintained/determined the policy for maintaining Plaintiffs' work records/employment records for PC Drilling.

51. As a manager and/or officer, director and/or member of PC Drilling, Powell has regularly and routinely done business in the States of Texas during all times relevant to this lawsuit.

52. Powell may be served with summons at 2 Spencer Road, Suite 105, Boerne, Texas 78006.

### F. Jurisdiction and Venue

53. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

54. During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

55. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely 29 U.S.C. §§ 201-219.

56. Venue is proper in the United States District Court for the Western District of Texas because a substantial part of the events giving rise to Plaintiffs' and the putative class

members' claims occurred within this judicial district. PC Drilling's principal place of business is in Kendall County, Texas which is located within this District.

57. Venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas because, as previously identified, a substantial part of the events giving rise to Plaintiffs' and the putative class members' claims occurred in this Division and PC Drilling maintains business operations, including its principal place of business, within this Division.

### III.   FACTUAL BACKGROUND

58. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

59. PC Drilling is a full service water well company engaged in drilling, pump installation and maintenance for agricultural, residential and commercial water wells in multiple counties in Texas (the "water well operations").

60. PC Drilling also provides services in connection with the oil and/or gas exploration and/or production industry where it offers/provides services in connection with drilling pre-set surface casing (the "oil and/or gas operations"). Like its water well operations, its oil and/or gas industry operations are performed in multiple counties in Texas.

61. Plaintiffs primarily provided labor in support of Defendants' water well operations and oil and/or gas operations in multiple locations in Texas.

62. Plaintiffs are/were non-exempt employees of Defendants under the FLSA. When Plaintiffs worked more than 40 hours in a seven day workweek, they are/were entitled to be paid overtime premium compensation by Defendants at time and one-half their respective regular rates of pay for each and every hour worked over 40.

63. Plaintiffs regularly work/worked in excess of 40 hours in a workweek for Defendants during the respective time periods of their claims.

64. Defendants did not pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek in the time period relevant to Plaintiffs' claims.

65. Additionally, at times, Defendants either failed to pay Plaintiffs compensation for hours worked in a workweek, failed to pay Plaintiffs at least $7.25 for each hour worked in a workweek and/or failed to pay Plaintiffs at least $7.25 for each and every hour worked once dividing the each Plaintiff's total pay in a workweek by total hours worked in that same workweek.

66. On information and belief, Defendants did not make and keep an accurate record of hours worked by Plaintiffs per workday and workweek. In fact, at times, Powell ignored and/or altered the hours reported worked by employees of PC Drilling.

67. On information and belief, employees of PC Drilling were threatened with adverse employment action by Defendants if they pursued legal action for their unpaid wages/full amount of unpaid wages. For example, Powell told McGonagill that he would be fired if he went to an attorney about his unpaid wages, or assisted Self in the collection of his unpaid wages.[1] As explained above in more detail, Defendants actually or constructively discharged McGonagill on May 12, 2015 in addition to engaging in other discriminatory conduct towards McGonagill in violation of the FLSA's anti-retaliation provision.

68. During their employment with Defendants, Plaintiffs worked with numerous other employees of Defendants who were similarly situated to Plaintiffs. Those other employees

---

[1] Through the undersigned, Defendants were put on notice of Self's FLSA claims via correspondence dated March 5, 2015 and March 10, 2015.

worked as laborers for Defendants, were paid on an hourly basis/de facto hourly basis, at times, received other remuneration such as performance based bonuses and per diem pay, generally worked in excess of 40 hours in a workweek without being paid all corresponding FLSA mandated overtime premium compensation, and, at times, were not paid compensation for hours worked in a workweek, were not paid at least $7.25 for each hour worked in a workweek and/or were not paid at least $7.25 for each and every hour worked in a workweek once dividing each putative class member's total pay in a workweek by total hours worked in that same workweek.

## IV.   CONTROLLING LEGAL RULES

69. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

70. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

71. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

72. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of

payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

73. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

74. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

75. Bona fide per diem payments which reflect "reasonable payments for traveling expenses, or other expenses incurred by an employee in furtherance of his employer's interests and properly reimbursable by the employer" may be excluded from the regular rate of pay. 29 C.F.R. § 778.216. "[O]nly the actual or reasonably approximate amount of the expense is excludable from the regular rate. If the amount paid as 'reimbursement' is disproportionately large, the excess amount will be included in the regular rate." 29 C.F.R. § 778.217(c).

76. Where the amount designated by the employer as a per diem allowance is not "reasonably approximated [to the employee's] reimbursable expenses," that per diem payment must be factored into the employee's regular rate of pay. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1035, 1041 (5th Cir. 2010).

77. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

78. The FLSA recognizes the doctrine of joint employers. "[I]f the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one

employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek." 29 C.F.R. § 791.2 "Where an employee performs work that simultaneously benefits more than one employer, the concept of 'joint employment' imposes individual and joint FLSA liability on all employers." *Parker v. ABC Debt Relief, Ltd. Co.*, Civil Action No. 3:10-cv-1332-P, 2013 U.S. Dist. LEXIS 12859, at *13 - 20 (N.D. Tex. Jan. 28, 2013) (*citing Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968)).

79. The FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding… ." 29 U.S.C. § 215(a)(3).

80. "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215 (a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## V.     FLSA CLAIMS

81.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

82.     All conditions precedent to this suit, if any, have been fulfilled.

83.     At relevant times, PC Drilling is/was an eligible and covered employer of Plaintiffs and the putative class members under the FLSA. 29 U.S.C. § 203(d).

84.     At relevant times, Powell is/was an eligible and covered employer of Plaintiffs and the putative class members under the FLSA. 29 U.S.C. § 203(d).

85.     At relevant times, PC Drilling is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

86.     Each Plaintiff and the putative class members are/were employees of PC Drilling. 29 U.S.C. § 203(e).

87.     Each Plaintiff and the putative class members are/were employees of Powell. 29 U.S.C. § 203(e).

88.     Plaintiffs and the putative collective action members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendants during the time period relevant to this lawsuit.

89.     Defendants are/were required to pay Plaintiffs and the putative class members time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. 29 U.S.C. § 207(a)(1).

90.     Defendants failed to pay Plaintiffs and putative class members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

91. Defendants do not/did not pay Plaintiffs and the putative class members compensation for all hours worked in a workweek, at least $7.25 for each hour worked in a workweek and/or at least $7.25 for each and every hour worked once dividing each Plaintiff's and putative class member's total pay in a workweek by total hours worked in that same workweek.

92. Defendants did not make and keep an accurate record of all hours worked by Plaintiffs and the putative class members as required by the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Namely, Defendant did not make and keep a record of the exact number of hours worked by Plaintiffs and the putative class members each day and each workweek.

93. In calculating the regular rate of pay for Plaintiffs and the putative class members Defendants must include performance based bonuses and non bona-fide per diem pay. 29 U.S.C. § 207(e); 29 C.F.R. §§ 778.117, 778.216 & 778.217.

94. The class members are/were similarly situated to the Plaintiffs and to each other under the FLSA. 29 U.S.C. § 203(e).

95. Defendants' violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). For example, and as described above in detail, Defendants required, permitted, and/or encouraged under payment of actual hours worked by Plaintiffs and the putative class members. Defendants are and were aware that Plaintiffs and the putative collective action members were not paid overtime premium compensation for all hours worked over 40 in a workweek. Defendants are and were aware that Plaintiffs and the putative collective action members were not paid the FLSA mandated minimum hourly wage rate for all hours worked in a workweek. Defendants are and were aware that non-bona fide per diem pay was not included in the regular rates of pay of Plaintiffs and the putative class members. Defendants are and were

aware that performance based bonuses were not included in the regular rates of pay of Plaintiffs and the putative class members.

96. Plaintiffs and the putative class members plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

97. Plaintiffs and the putative collective action members seek all damages available for Defendants' failure to timely pay all FLSA wages owed.

98. McGonagill seeks all damages available for Defendants' violation(s) of the FLSA's anti-retaliation provision.

## VI. FLSA COLLECTIVE ACTION

99. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

100. Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of themselves and all current and former FLSA non-exempt employee laborers in Defendants' water well operations and/or oil and/or gas operations who are/were paid on an hourly basis/de facto hourly basis in addition to other remuneration, and who are/were not paid: (a) time and one-half their regular rates of pay for all hours worked over 40 during each seven day workweek; and/or (b) at least the FLSA mandated minimum wage rate for all hours worked in a workweek.

101. The relevant time period for this collective action is three years preceding the date this lawsuit was filed forward, or such other time period deemed appropriate by the Court.

102. Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

103. Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   JURY DEMAND

104. Plaintiffs demand a jury trial.

## VIII.   DAMAGES AND PRAYER

105. Plaintiffs ask that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs and the Collective Action Members be awarded a judgment against Defendants or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA for violation of its overtime and/or minimum wage provisions;

   c. Liquidated damages in an amount equal to back FLSA mandated wages;

   d. All damages available to McGonagill for Defendants' violation(s) of the FLSA's anti-retaliation provision, including lost wages, liquidated damages, mental anguish damages, injunctive relief, and all other available damages/relief;

   e. Legal fees;

   f. Costs;

   g. Post-judgment interest;

   h. All other relief to which Plaintiffs and the Collective Action Members are entitled.

Respectfully submitted,

By: <u>s/ Allen R. Vaught</u>
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
MS Bar No. 101695
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFFS